**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Harbor Hospital Inc.**<br>**t/a MedStar Harbor Hospital**<br>3001 S. Hanover St.<br>Baltimore MD,<br>MD 21225<br><br>**Defendant.** | **Civil Action No.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Jerome Alston, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Harbor Hospital Inc., t/a MedStar Harbor Hospital (MedStar) unlawfully discriminated against Alston, a qualified individual with a disability, by denying his request for a disability-related reasonable accommodation and terminating his employment because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant MedStar, Inc. has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees operating a hospital in Baltimore, Maryland.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Alston filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On December 22, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On July 22, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Alston is disabled as defined in 42 U.S.C. §12102.

a. Alston suffered from end stage renal disease (ESRD). He received a kidney transplant in 2001 as a treatment for this disorder.

b. Renal function is a major bodily function as defined by 42 U.S.C. §12102(2)(B).

c. Following the kidney transplant Alston must take immunosuppressant drugs to prevent his immune system from attacking the donated kidney. These drugs compromise his immune system and increase his risk of infection.

d. Functions of the immune system are major bodily functions as defined by 42 U.S.C. §12102(2)(B).

14. Since at least November 15, 2013, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A),(B). These practices include denying Alston reasonable accommodation and terminating his employment based on his disability and need for reasonable accommodation.

a. Alston began working for Defendant at its Baltimore hospital as a Respiratory Therapist in 2010. His duties in this position included providing treatment for patients with disordered breathing.

b. Between 2010 and 2013 Alston successfully performed all essential functions of the respiratory therapist position.

c. Due to his weakened immune system Alston was unable to work in negative pressure rooms.

d. A negative pressure room is an isolation room with a mechanical ventilation system designed to trap infectious airborne materials within the room thereby preventing their escape into the hospital.

e. Defendant gave Alston and non-disabled pregnant employees “work-arounds” which excused them from working in negative pressure rooms.

f. On November 14, 2013, Alston requested that Defendant continue to provide him with a “work around” that would excuse him from working in a negative pressure room.

g. On November 15, 2013, Defendant immediately denied the requested accommodation without engaging in the interactive process.

h. On November 15, 2013, Defendant terminated Alston because he could not work in negative pressure rooms due to his disability.

i. Alston has safely and successfully worked as a respiratory therapist with his disability both before and after his employment with Defendant.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Alston.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of

disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under the statute;

D. Order Defendant to make Alston whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E. Order Defendant to make Alston whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above;

F. Order Defendant to make Alston whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G. Order Defendant to pay Alston punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability;

H. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

I. Grant such further relief as the Court deems necessary and proper in the public interest; and

J. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/S
____________________________
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S
____________________________
ERIC S. THOMPSON
Trial Attorney
Ohio Bar No. 0071956

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270