**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR HOSPITAL INC. t/a MEDSTAR HARBOR HOSPITAL,<br><br>Defendant. | ) | Civil Action No: 1:16-CV-03138-GLR |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Harbor Hospital Inc. d/b/a MedStar Harbor Hospital[1] ("Defendant" or "MHH"), by and through its undersigned counsel, hereby submits its Answer and Defenses to Plaintiff's Complaint. Defendant denies liability, answers Plaintiff's allegations and interposes defenses as follows. Any allegation in the Complaint not explicitly admitted below is hereby denied.

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Jerome Alston, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Harbor Hospital Inc., t/a MedStar Harbor Hospital (MedStar) unlawfully discriminated against

[1] Plaintiff's Complaint incorrectly identifies Harbor Hospital Inc. as "trading as" MedStar Harbor Hospital. Rather, Harbor Hospital Inc. is "doing business as" MedStar Harbor Hospital.

Alston, a qualified individual with a disability, by denying his request for a disability-related reasonable accommodation and terminating his employment because of his disability.

**ANSWER:** The Complaint purports to assert causes of action pursuant to federal law, but Defendant denies that Plaintiff has any valid or viable causes of action. To the extent that the introductory paragraph of the Complaint asserts propositions of law, no response is required. To the extent that a response to the introductory paragraph of the Complaint is required or that the introductory paragraph includes factual allegations, Defendant denies the allegations in the introductory paragraph.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

**ANSWER:** The allegations in Paragraph 1 call for legal conclusions to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction over Defendant, but Defendant denies the remaining allegations in Paragraph 1.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

**ANSWER:** The allegations in Paragraph 2 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court and denies the remaining allegations in Paragraph 2.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

**ANSWER:** The allegations in Paragraph 3 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff is an agency of the United States of America and denies the remaining allegations in Paragraph 3.

4. At all relevant times, Defendant MedStar, Inc. has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees operating a hospital in Baltimore, Maryland.

**ANSWER:** Defendant Harbor Hospital Inc. d/b/a MedStar Harbor Hospital admits that it is a corporation that does business and operates within the State of Maryland and that it operates a hospital with at least fifteen employees in Baltimore, Maryland. Defendant denies that "MedStar, Inc." is a defendant in this action and also denies the remaining allegations in Paragraph 4.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

**ANSWER:** The allegations in Paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it is an employer

covered by the Americans with Disabilities Act, but denies the remaining allegations in Paragraph 5.

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ANSWER:** The allegations in Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it is an employer covered by the Americans with Disabilities Act, but denies the remaining allegations in Paragraph 6.

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Alston filed a charge with the Commission alleging violations of the ADA by Defendant.

**ANSWER:** Upon information and belief, Defendant admits that Jerome Alston filed a charge with Plaintiff more than 30 days prior to the filing of the Complaint. To the extent that Paragraph 7 refers to the contents of Mr. Alston's charge, the charge speaks for itself, but Defendant denies the discrimination complained of in Plaintiff's charge and alleged in the Complaint.

8. On December 22, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

**ANSWER:** To the extent that Paragraph 8 refers to a Letter of Determination issued by Plaintiff in this matter, the Letter of Determination and the date of the Letter of Determination speak for themselves, but Defendant denies the discrimination alleged in the Letter of

Determination and in the Complaint. Defendant also denies any remaining allegations in Paragraph 8.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**ANSWER:** Defendant admits that it engaged in communications with Plaintiff regarding the Letter of Determination, but denies the remaining allegations in Paragraph 9.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:** Defendant admits that the Parties did not reach a conciliation agreement, but denies the remaining allegations in Paragraph 10.

11. On July 22, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

**ANSWER:** To the extent that Paragraph 11 refers to a Notice of Failure of Conciliation, the Notice and the date of the Notice speak for themselves. Defendant denies any remaining allegations in Paragraph 11.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

**ANSWER:** The allegations in Paragraph 12 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 12.

13. Alston is disabled as defined in 42 U.S.C. §12102.

**ANSWER:** The allegations in Paragraph 13 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13.

a. Alston suffered from end stage renal disease (ESRD). He received a kidney transplant in 2001 as a treatment for this disorder.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13(a), and therefore, denies them.

b. Renal function is a major bodily function as defined by 42 U.S.C. §12102(2)(B).

**ANSWER:** The allegations in Paragraph 13(b) call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13(b).

c. Following the kidney transplant Alston must take immunosuppressant drugs to prevent his immune system from attacking the donated kidney. These drugs compromise his immune system and increase his risk of infection.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13(c), and therefore, denies them.

d. Functions of the immune system are major bodily functions as defined by 42 U.S.C. §12102(2)(B).

**ANSWER:** The allegations in Paragraph 13(d) call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13(d).

14. Since at least November 15, 2013, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A),(B). These practices include denying Alston reasonable accommodation and terminating his employment based on his disability and need for reasonable accommodation.

**ANSWER:** The allegations in Paragraph 14 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

a. Alston began working for Defendant at its Baltimore hospital as a Respiratory Therapist in 2010. His duties in this position included providing treatment for patients with disordered breathing.

**ANSWER:** Defendant admits the allegations in Paragraph 14(a).

b. Between 2010 and 2013 Alston successfully performed all essential functions of the respiratory therapist position.

**ANSWER:** Defendant denies the allegations in Paragraph 14(b).

c. Due to his weakened immune system Alston was unable to work in negative pressure rooms.

**ANSWER:** Defendant admits that Mr. Alston informed Defendant that he should not work in negative pressure isolation rooms. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 14(c), and therefore, denies the remaining allegations in Paragraph 14(c).

d. A negative pressure room is an isolation room with a mechanical ventilation system designed to trap infectious airborne materials within the room thereby preventing their escape into the hospital.

**ANSWER:** Defendant admits the allegations in Paragraph 14(d).

e. Defendant gave Alston and non-disabled pregnant employees "work-arounds" which excused them from working in negative pressure rooms.

**ANSWER:** Defendant denies the allegations in Paragraph 14(e).

f. On November 14, 2013, Alston requested that Defendant continue to provide him with a "work around" that would excuse him from working in a negative pressure room.

**ANSWER:** Defendant admits that on November 14, 2013, Mr. Alston informed Defendant that he should not work in negative pressure isolation rooms. Defendant denies the remaining allegations in Paragraph 14(f).

g. On November 15, 2013, Defendant immediately denied the requested accommodation without engaging in the interactive process.

**ANSWER:** Defendant denies the allegations in Paragraph 14(g).

h. On November 15, 2013, Defendant terminated Alston because he could not work in negative pressure rooms due to his disability.

**ANSWER:** Defendant admits that on November 15, 2013, Defendant terminated Mr. Alston's employment. Defendant denies the remaining allegations in Paragraph 14(h).

i. Alston has safely and successfully worked as a respiratory therapist with his disability both before and after his employment with Defendant.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14(i), and therefore, denies them.

15. The unlawful employment practices complained of above were intentional.

**ANSWER:** Defendant denies the allegations in Paragraph 15.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Alston.

**ANSWER:** Defendant denies the allegations in Paragraph 16.

## PRAYER FOR RELIEF

Defendant denies Plaintiff or Mr. Alston are entitled to the relief sought in the Complaint or any relief or damages by virtue of the allegations in the Complaint. Defendant respectfully requests Plaintiff's claims be dismissed with prejudice and that Plaintiff and Mr. Alston take nothing by reason of said Complaint.

## REQUEST FOR JURY TRIAL

Defendant admits Plaintiff purports to demand a jury trial.

## DEFENDANT'S DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

### FIRST DEFENSE

This Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, election and exhaustion of remedies, waiver and/or jurisdictional prerequisites to suit to the extent that Plaintiff alleges, claims, or relies upon conduct either not identified in Mr. Alston's Charge of Discrimination or which occurred outside the bounds of the applicable statute of limitations.

### THIRD DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Jerome Alston under any federal, state, or local laws, rule, regulations or guidelines with respect to its decisions regarding Mr. Alston's employment.

FOURTH DEFENSE

Plaintiff's claims are barred, to the extent discovery may show Plaintiff failed to comply with statutory and/or administrative deadlines, failed to comply with all administrative, jurisdictional and/or statutory prerequisites to filing suit or to the extent they are beyond the scope of, or Jerome Alston failed to include them in, a timely filed Charge of Discrimination.

FIFTH DEFENSE

Plaintiff's claims are barred and/or recovery of damages is precluded due to Jerome Alston's own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine), including, but not limited to, Mr. Alston's failure to perform, or his potential avoidance of, the essential functions of his position during his employment with Defendant.

SIXTH DEFENSE

Plaintiff's claims for damages are barred or reduced by Jerome Alston's and Plaintiff's failure to mitigate their alleged damages, by their failure to suffer actual damages and/or by their inability to prove actual damages, including, but not limited to, Mr. Alston's re-employment efforts after his employment with Defendant ended.

SEVENTH DEFENSE

Any and all actions taken by Defendant with respect to Jerome Alston's employment or the terms and conditions thereof were based upon legitimate business reasons and were taken without regard to Jerome Alston's rights, entitlements, actions or inactions under the Americans with Disabilities Act of 1990, as amended ("ADA"), or other law.

EIGHTH DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Jerome Alston unreasonably failed to take advantage of preventive or corrective opportunities, to give

Defendant adequate notice of alleged discriminatory treatment he now claims to have experienced and/or to avoid harm otherwise, including, but not limited to, by failing to promptly notify Defendant of his alleged need for a reasonable accommodation.

NINTH DEFENSE

Defendant denies that Plaintiff or Jerome Alston are entitled to any relief whatsoever, including, to the extent any of the relief sought by Plaintiff is not recoverable pursuant to the ADA, including, but not limited by, the statutory caps and limits on compensatory, punitive, and other types of damages, which potentially limit the compensatory, punitive, and other types of damages Plaintiff and Mr. Alston can recover, and, specifically, may limit Plaintiff's and/or Mr. Alston's recovery of the relief requested in the Complaint.

TENTH DEFENSE

To the extent that Defendant's employees engaged in any of the conduct described in the Complaint, their actions were outside the scope of employment, were contrary to the policies and directives of Defendant and were not done in the furtherance of Defendant's business interests, including, but not limited to, the extent that they failed to comply with Defendant's policies and directives regarding the providing of reasonable accommodation in the workplace.

ELEVENTH DEFENSE

Plaintiff has not set forth sufficient facts to legally support an award of punitive damages for all or a portion of Plaintiff's claims and Defendant did not engage in any conduct which would rise to the level required to sustain an award of punitive damages.

TWELFTH DEFENSE

Defendant would have taken the same actions and made the same decisions irrespective of any alleged unlawful intent, therefore, Plaintiff's claims fail as a matter of fact and

law, even if Plaintiff was able to prove (and it cannot) that Defendant's actions and decisions were motivated, in whole or in part, by unlawful discriminatory or retaliatory intent.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert any additional defenses as they become known to it through discovery or otherwise.

WHEREFORE, Defendant prays for judgment against Plaintiff on its Complaint as follows:

1. For an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of Defendant and against Plaintiff;

2. For all costs, disbursements and reasonable attorney's fees incurred by Defendant in connection with the defense of this matter; and

3. For all other relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: December 21, 2016

By: /s/ Matthew F. Nieman

Matthew F. Nieman (MD Bar No. 17558)
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
niemanm@jacksonlewis.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2016, a true and accurate copy of the foregoing *Defendant's Answer and Defenses to Plaintiff's Complaint* was electronically filed with the Clerk's Office and served using this Court's electronic filing system, upon:

Debra M. Lawrence
Maria Salacuse
Eric S. Thompson
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201
debra.lawrence@eeoc.gov
maria.salacuse@eeoc.gov
eric.thompson@eeoc.gov

*Counsel for Plaintiff*

By:/s/ Matthew F. Nieman
Matthew F. Nieman (MD Bar No. 17558)
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
niemanm@jacksonlewis.com

*Counsel for Defendant*