IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>Harbor Hospital Inc. t/a MedStar Harbor Hospital,<br><br>Defendant. | ) | Civil Action No: 1:16-03138-GLR |

CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Harbor Hospital Inc. t/a MedStar Harbor Hospital, ("Harbor Hospital" or "Defendant") alleging that Defendant violated Sections 102(a) and 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A)(B) by denying Jerome Alston reasonable accommodation and terminating his employment based on his disability and need for reasonable accommodation.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due

consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

**Scope of Decree**

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanated from the Charge of Discrimination filed by Jerome Alston. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. The Decree shall be in effect for a period of five years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

**Monetary Relief**

4. Within thirty days of entry of this Decree, Defendant shall pay Jerome Alston monetary relief in the total amount of $179,576.60 representing $119,576.60 in back pay and $60,000 in non-pecuniary compensatory damages. Defendant will issue Alston an IRS Form 1099 for the 2016 tax year for the compensatory damages amount and an IRS W-2 form for the 2016 tax year for the back pay amount. Defendant shall make all legally required withholdings from the back pay amount and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

Within five days of the execution of the Decree, the EEOC shall provide

Defendant with Alston's current address. Defendant will send the check directly to Alston. A photocopy of the check and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201, Attention: Eric S. Thompson.

**Injunctive Relief**

5. Defendant, its officers, agents, employees and all other persons acting on its behalf and interest hereby are enjoined from denying reasonable accommodations to qualified individuals with disabilities and terminating individuals with disabilities in violation of the provisions of Title I of the ADA, and related regulations, including the following provisions:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to… discharge of employees…. and other terms, conditions, and privileges of employment.

ADA, Title I, Section 102(a).

> "Discriminate against qualified individual with a disability" includes:
>
> Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability…

ADA, Title I, Section 102(b)(5).

6. The injunction is intended to survive the life of the Consent Decree.

7. The EEOC agrees that it shall provide Defendant five business days' notice before seeking judicial relief pursuant to this Consent Decree.

**Written Policies**

8. Within 30 days of the entry of this Decree, Defendant will review and revise its policies against disability discrimination, retaliation, coercion, interference and intimidation.

9. The revised policies required by Paragraph 8, above, shall include at least the following content: (a) a statement that it is the policy of the company to provide reasonable accommodations for qualified individuals with disabilities; (b) a discussion of the meaning of the term "disability" which makes clear that the determination of whether an impairment substantially limits a major life activity shall be made without regard to the effects of mitigating measures; (c) a discussion of the meaning of the term "qualified individual;" (d) a discussion of the term "reasonable accommodation;" (e) a discussion of temporary reassignment of duties as an accommodation; and (f) a discussion of the term "essential function."

10. Defendant will distribute a copy of the written policies described in paragraphs 8 and 9 above to all employees within 30 days of the entry of this Decree.

**Notice and Posting**

11. Defendant will display and maintain the EEOC poster in each of its facilities and in each location where its employees are assigned on a temporary basis, in a place visually accessible to applicants and employees of the Defendant.

12. Within 30 days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants, employees and managers a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by Defendant's Chief Executive Officer.

**Anti-Discrimination Training**

13. Within four months from the entry of this Decree, Defendant shall provide at least 2 hours of training on the ADA for all current Human Resources Department and Occupational Health Department employees. The training will cover all areas of prohibited ADA employment discrimination, and will include special emphasis on disability discrimination including the denial of reasonable accommodations to qualified individuals, the definition of the term "essential function" and temporary reassignment of duties as an accommodation. Defendant shall have the option of recording the training session described above and then fulfilling its duty to provide any subsequent training session required by this Decree by requiring attendance of trainees at a viewing of the recording.

In addition, Defendant will conduct training of not less than one hour for all of its current supervisory and management employees in the form of the web-based training presentation prepared with the assistance of a licensed attorney with employment law experience, with script and end-of-training assessment.

a. The training for the Human Resources Department and Occupational Health Department employees shall be conducted by a licensed attorney with employment law experience selected by Defendant and approved by the EEOC.

b. Within ten business days of completing this training Defendant will furnish the EEOC with written documentation, including a signed attendance list, confirming that Respondent has complied with the training requirements set forth in paragraph 13 and its subparts.

**Additional Monitoring Provisions**

14. For the duration of this Decree, Defendant shall maintain records of all instances in which an employee requested an accommodation and no accommodation is granted.

Within three months of the entry of this Decree, and every year thereafter, Defendant shall provide EEOC with a written report containing, at a minimum, the name, address, and telephone number of the person who requested the accommodation, the accommodation requested, and the basis for not granting any accommodation. A final report shall be sent to EEOC 15 business days before the date of the expiration of this Decree.

15. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance with this Decree during the duration of this Decree by inspection of Defendant's premises, its records, and interviews with employees at mutually agreeable times. With at least seven business days' written notice by the EEOC including the related portions of the consent decree. Defendant shall provide documents and/or witnesses at a mutually agreeable time and place.

16. All materials required by this Decree to be sent to the EEOC shall be addressed to:

Equal Employment Opportunity Commission
Baltimore Field Office
Attention: Eric S. Thompson, Trial Attorney
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201

17. The Commission and Defendant shall bear their own costs and attorneys' fees.

18. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

/S/

Matthew F. Nieman (Bar No. 17558)
JACKSON LEWIS P.C.
10701 Parkridge Boulevard
Suite 300
Reston, VA 20191
(703) 483-8300 (Phone)
(703) 483-8301 (Fax)
niemanm@jacksonlewis.com

*Counsel for Defendant*

FOR PLAINTIFF:

James L. Lee
Acting General Counsel

/S/

Debra M. Lawrence
Regional Attorney

/S/

Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/S/

Eric S. Thompson
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201

IT IS SO ORDERED this 25th day of April, 2017.

George Levi Russell, III
United States District Judge

Appendix A

# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND HARBOR HOSPITAL, INC.

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC)" against Harbor Hospital Inc. t/a MedStar Harbor Hospital in the United States District Court for the District of Maryland.

The Americans with Disabilities Act as amended ("the ADA") makes it unlawful for an employer to discriminate against any qualified individual because of a disability. Under the ADA, the term "discriminate" includes not only failing to hire or terminating an individual but also not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

The term "reasonable accommodation" may include: granting employees reasonable amounts of unpaid medical leave; making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and job restructuring, part-time or modified work schedules or assignments, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examination, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

Therefore, in accordance with the applicable law:

HARBOR HOSPITAL INC. WILL NOT engage in any acts or practices made unlawful under the ADA.

Individuals are free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office at 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 1-800-669-4000. General information may also be obtained on the Internet at www.eeoc.gov.

______________________________

Dennis W. Pullin
President, Harbor Hospital, Inc.
Date Posted: